PER CURIAM.
The appellant in this direct criminal appeal challenges his conviction for aggravated battery arising from an incident of “road rage.” Although sufficient evidence to support the conviction was presented, we nevertheless reverse the conviction and remand this case to the trial court because the trial court reversibly erred in excluding evidence relevant to the appellant’s theory of defense that he was not the aggressor in this incident.
The alleged victim of the aggravated battery testified at trial that the appellant struck him without provocation, but the appellant countered that he acted in self defense after the alleged victim threw the first punch. In support of his theory of defense, the appellant sought to introduce evidence that the alleged victim *850 had recently carried brass knuckles on his person. He also sought to introduce evidence that the alleged victim’s urine tested positive for the presence of amphetamines a few hours after the underlying incident, and testimony from a physician that amphetamines can cause a person to be easily agitated and aggressive. Applying section 90.403, Florida Statutes, the trial court excluded this evidence on the ground that its probative value would be outweighed by the danger of confusing or misleading the jury and would otherwise be unduly prejudicial to the prosecution. In so ruling, the court abused its discretion.
The jury was called upon to make the critical determination of which of these two men was the initial aggressor in their roadside confrontation. By excluding the above-described evidence, the trial court prevented the jury from considering circumstantial evidence which was relevant to this critical determination. It was, for example, appropriate for the state to present, as it did, evidence concerning the appellant’s prior boxing experience. So too, the jury was entitled to learn that the alleged victim had recently carried brass knuckles on his person and had returned a positive urine screen for amphetamines hours after the underlying incident, which suggested the presence of a drug in his system at the time of the incident that would cause a person to be easily agitated and aggressive.
Because we are unable to conclude that this error was harmless beyond a reasonable doubt, the appellant’s conviction for aggravated battery is reversed, and this case is remanded.
ALLEN, WEBSTER, and PADOVANO, JJ., concur.